Good morning. Welcome to the Ninth Circuit. This morning we have Judge Clyde Hamilton from the Fourth Circuit sitting with us. We are very pleased to have him this week. We have a long calendar today. So let's get started. The first case is United States v. Sanchez-Garcia. Thank you. May it please the Court. John Maxwell from Yakima representing Appellant Victor Sanchez-Garcia. I'd like to reserve two minutes for rebuttal. Your Honor, first of all, this case originally went to trial in about 1998 and then was appealed. In the first appeal there was a late attempt to raise some Apprende issues. The Ninth Circuit rejected those, essentially applying, I think, what was similar to the Edwards standard at that time and sent that back. Mr. Sanchez-Garcia proceeded with a 2255 motion subsequently. In that 2255 motion he raised a number of issues, including the appropriate standard of proof on various factors that were used to enhance his sentence. In that order that vacated the sentence and in his motion before the Court, he again attempted to raise Apprende issues. And the District Court said, I'm not going to consider them. I'm going to limit the 2255 hearing to consideration of three specific enhancements under a clear and convincing evidence standard of proof. I point that out because I think it's important to indicate for the record that my client attempted to raise these Apprende issues and the issues that come forward now with the Blakely case. Specifically in footnote one of the first decision, not only were those issues raised, at least the Court noted they were raised in that appeal, and the District Court said, I'm not going to consider them, but under a Sixth Amendment and due process grounds. When we get to the District Court, we go through the 2255 hearing, and the Court limits the consideration to those specific issues, and then finally finds that there's clear and convincing evidence to support the gun enhancement, the leader-organizer enhancement, and the restraint of victim. It's important to recognize that the Court vacated the conviction, I'm sorry, not the conviction, but vacated the sentence, making the appeal of this case a consideration of a new sentence. So after this case is appealed based on the limited, what the Court would, the District Court would allow us to consider. The Apprende issues, I'm not sure this matters, but the Apprende issue that you raised in the 2255, was it the same one that appears in footnote one of the original memorandum disposition on direct appeal? Your Honor, in my clerk's record, or my clerk's papers, I don't know if I included a copy of the defendant's actual 2255 motion. I did include the order vacating the sentence, and the Court on page 18 addresses, among a slew of other things that the Court is not going to consider, are the Apprende issues. And on page 18, the Court adopted the Apprende issue. I'm just wondering what the Apprende issues were at that juncture. Were they the same issues that you had raised previously? Yeah, Your Honor. They were the same. They were the same. They were the issues of quantity. I mean, the first defendant's ---- In other words, were you arguing on 2255 originally, as you did on direct appeal, that the enhancements had to go to a jury and be decided beyond, that these enhancements, the ones that you're currently concerned with, had to be decided beyond a reasonable doubt by a jury? In terms of the hearing, that argument didn't occur at the hearing. Yeah, but I'm asking you, was it raised in the petition? I believe it was raised in the petition. But the judge said he wouldn't hear it. The judge said he wouldn't hear it. That's right. So I think that was preserved. So the next stage is we proceeded to apply the standards, which at that time appeared to be clear and convincing evidence. And I indicate that when we filed this most recent appeal, we appealed it under a due process concern, now that the Blakeley case just recently came down. And I think the Blakeley case is applicable. I think that the Court should apply what occurred in the Blakeley case. I think the two questions in this case that my client needs addressed is that, number one, did the Court in fact apply the correct standard review? Was it clear and convincing evidence, or should it be beyond a reasonable doubt? I think Blakeley says it should be beyond a reasonable doubt. Second, should my client have had the right to have been charged and have the trier of fact determine those? This is a jury trial, not a guilty plea. My client didn't waive his rights in connection with a statement on plea guilty. Now, counsel, if we were to agree with you that Blakeley applied and that jury had to decide beyond a reasonable doubt on these things, should we remand it with an opportunity to have a jury hear those things, or should we remand it simply for sentencing on the basis of the things that the jury did find? Well, Your Honor, I think that if it was remanded, and I haven't had the opportunity to brief all of those issues, but we've got a jeopardy problem potentially, too. The case went to a jury trial. The jury considered an indictment that only said you're exporting drugs to Canada in a detectable quantity, nothing more. Once my client's convicted on that, I don't know, I don't think that a jury trial can be granted on those issues without putting my client again in jeopardy, and he's already been in jeopardy once in the trial in this case. Well, there are a lot of issues raised by Blakeley. Well, I think that in terms of Blakeley, as opposed to Mistretta and Edwards, we're not talking, I think, about discretion, a separation of powers. I think what we're talking about is the authority of a sentencing judge to find facts that determine how discretion should be applied when he applies a lesser standard of proof than beyond a reasonable doubt. And, you know, I suppose we're at a pretty early stage in terms of how Blakeley would apply, but in this case … Could you, leaving aside the jury issue, which obviously is an elephant of itself, if this was decided under a clear and convincing, beyond a reasonable doubt standard rather than a clear and convincing evidence standard, is there anything specific that you would have us look at that you think why it would come out different if that said, if a different standard was applied? Well, yeah, Your Honor, I think that the … I pointed out in terms of the … Well, first of all, in terms of the quantity, I think there was a large absence of proof as to quantity of narcotics in this case. There was some discussion in the record of the trial involving counting money and things like that. I don't think anybody ever really was able to put their hands on any sizable quantity. It was all based on testimony. I think that that would potentially cause a jury to have some doubts. Second, and I pointed out in the clear and convincing evidence review on the restraint of victim, we've got, you know, directly contradictory statements by the same victim who … I think that there was a problem with respect to all of the issues here as to whether, since this was a conspiracy conviction, wasn't it? Correct. Wouldn't under a … Since his co-conspirator's actions could be attributed to him, it wouldn't matter whether, for example, he or his co-conspirator abused the victim? Well, I think the jury … Well, in respect to the gun? Well, I think the jury still has to find … I mean, I'd still like the opportunity to have the jury … But I understand what I'm asking. I'm just trying to get … You don't really address this much in your briefs. You treat it as if he had to have the gun and he had to restrain the victim. But that isn't true, is it? Well, let's see if I can go back here. In my responsive brief, I guess I would question whether the Pinkerton would apply to a sentencing. There's the guidelines … The current guidelines. I understand they may not exist anymore. But the current guidelines appear specifically to say that in a conspiracy you do take attributed behavior. No? You know, but it also conflicts with other provisions that say that this is supposed to be based on, you know, individualized responsibility and relevant conduct. So, you know, I'm … And here's one other question. You mentioned the amount. You don't have an appeal at this point on amount, do you? Your Honor, we didn't raise in our initial brief the question on the amount because that had been raised earlier and we were told that we couldn't raise it and the district court wasn't going to consider it. In the supplemental brief, we've raised the issue regarding the amount. I would request the opportunity to have the court consider that, even though we didn't know at the time this brief was filed that the Blakely case was going to be decided and it's … And the Blakely case is decided and this case still hasn't been concluded yet. Let me go back to a comment you made earlier about double jeopardy. As I understand it, your client was tried on the drug charge. He's never been tried on possession of the firearm or enrolled in the offense or on the restraint of victim. Now, how does double jeopardy come into play? Well, if my client is, first of all, if my client is going to be charged with the enhancements relating to conduct that are akin to, you know, kidnapping and torture, if the – if those facts are – I mean, those facts were presented in front of the jury. I mean, I think there was testimony at the time of trial about this and obviously … The jury rendered no verdict as to any of those facts. That's why you're here. Right. All the reasons you're here. Right. But the government, you know, at the time of the indictment and the time of the proof chose not to ask the jury to make a specific finding. Now, if my client had had that – you know, my client had that jury trial and they didn't make that finding, is it going to be my client's burden or is it my client's problem or should it be the government's problem since they were in control of the charges in this case? Well, all of these – the testimony that came in with respect to these issues could have gone to the acts committed in furtherance of the conspiracy. Well, if my client wasn't in – if my client didn't receive a sentencing enhancement just simply by virtue of being convicted of a conspiracy, what we're talking about is my client was convicted of conspiracy and he's also sentenced for kidnapping and torture of a victim and he was never given a right to a jury trial. Well, now, that's a separate issue. I understand. That's the Blakely issue. What I'm saying is how – I still don't understand how you think Double Jeopardy would bar a retrial or bar a trial, rather, on those three enhancement issues. It's almost like you're saying that if – they later found out after this trial was over that there had been a murder committed during this conspiracy, that the government couldn't go back and try Mr. Sanchez-Garcia for murder if, in fact, they had evidence on him. But these weren't unknown facts. These were part of the whole facts that were presented during the trial. It's just that we should have gotten our shot to have those tried by a jury, and we didn't. And I don't think we can be forced to go back to trial and be put at risk again. I mean, you're basically arguing for a Double Jeopardy – I mean, I don't think it's worth going into this now, frankly, because we'd have to have complete briefing, and it's probably just best to leave it alone. I think your theory has a lot of problems, but it's interesting. Thank you, Your Honor. Okay, thank you. And I will also give you a little extra time because we now have a whole new issue, so don't worry. We didn't get a brief from the State, as far as I know. Did you file one? Yes, Your Honor. It was on the Blakely issue, the supplemental brief. Supplemental brief. None of us had gotten it. That should have been faxed and sent on Friday. It wasn't. It doesn't appear on the docket sheet, and nobody has it. So maybe you'd better tell us quickly what you – but you'd better tell us in a couple sentences, if you can, what you said, because we don't know. That's great. Thank you. I'm sorry. Gregory Shogren, Assistant United States Attorney for the Eastern District of Washington, representing the Pelley United States. And I did check the docket sheet this morning. It's not on it, so it's not simply that we don't physically have it. I don't know what to say, Your Honor. At any rate, this direct appeal involves three – the three sentencing enhancements, first of all, before we get to Blakely. And the standard of review on the – reviewing the district court's imposition of the three sentencing enhancements is under the clearly erroneous standard, which was resolved after the 2255 petition was filed by the defendant in this case. Now, the court of appeals, in determining or reviewing the district court's factual findings, to be clearly erroneous, the decision must strike us – and this is a quotation from the Woodford case in this circuit – to be clearly erroneous, the decision must strike us as more than just maybe or – Are you going to tell us first anything about what your position is on Blakely or not? I wanted to end with that, Your Honor. Okay. Go ahead. Because I think this is – these are simple issues. The – the sentencing enhancements under the clearly erroneous standard I don't think take much – But they might be irrelevant is the problem. Well – All right. At any rate, I don't think there's much of an issue with regard to the district court's imposition of the sentencing enhancements, the three sentencing enhancements under the clearly erroneous standard. And I just wanted to make this one quote from Hayes v. Woodford, and that's the district court – the district court's determination must strike us as wrong with the force of the five-week-old unrefrigerated dead fish. This – this district court was a trial – a trial court, heard all the evidence, the arguments of counsel at sentencing, the PSR, and made its determination after reviewing and evaluating all that evidence that came in during the jury trial. And I don't think that the court's determination, the district court's determination – I think that that would be true if you didn't have a Pinkerton theory available. It seems to me with a Pinkerton theory you may be right, but without a Pinkerton theory, if you had to actually prove, for example, that it was the defendant here who restrained the victim after – when there was – when one witness said two contradictory things about that. Well – Would that be clear and convincing evidence? Yes, Your Honor, because – Pretty unclear evidence. The evidence was quite unclear. She said one thing, and then she said the opposite. Well, but she also explained that. And in the record, I can – there's several places in the record, particularly on cross-examination, where she attempted to explain why her notes were – may have been inaccurate. And at any rate, she – On two different things? I mean, I didn't find that very – it was evidence. It was probably good enough for an ordinary standard, but for clear and convincing evidence, it was sort of odd. I mean, I don't know that it meets clear and convincing evidence. Well, and admittedly, there were conflicts. There was – there were some discrepancies in the testimony. Why? I mean, that's what I find interesting, not just on one incident, but on two incidents. But overall, the witness's testimony was interlocking and it was corroborated. But on the specific question whether this defendant restrained her on two different occasions, she first said no, and she then said yes. No? Well, and again, I can't recall what she said on cross-examination and on direct, but I can say that it was explained. And as the Court recognized that, you know, by itself, without Pinkerton theory, that it may have been more troublesome. But we do have the Pinkerton theory. There were other conspirators and there were other incidents involving the defendant. In fact, the wife testified that she also was restrained at one point and had a gun pointed at her head. So that makes that story more likely, and at least his knowledge and his propensity to possess firearms and use them in this manner was clearly brought out before the trial court and the jury. And I think that's all from my standpoint, unless the Court has any other questions that need to be said about those enhancements and the clear and convincing standard. Again, I'm at a loss to understand why the supplemental brief wasn't filed. It is the – as a procedural matter, it's the government's position that Blakeley does not apply to the Federal guidelines for a variety of reasons. First of all, I think that Edwards – But first, you agree that this case is fairly unusual in that it was directly raised and we don't have any waiver problem or anything. Is that right? I think that – well, I believe that review is for plain error. I don't think that it was properly brought before the – well, at least I don't think it was properly brought before the trial court at a time when it could have – There were certainly many efforts to have the Apprendi issue resolved in this case. It's unlike several other ones that we have. But this one seems to be that Apprendi was front and center all the time. That's very true. But the Ninth Circuit, a different panel, resolved that by saying that it was – it had not been raised at the proper time that – Right. And so they couldn't raise it again. And, in fact, they tried and weren't allowed to raise it again. Right. So it would be – it would appear that essentially they would have a res judicata problem, but for the fact that the laws changed, and therefore they're almost surely not bound by anything that happened earlier, and nor would it have been reasonable for them to take another appeal to us on an issue that had already lost before us. Right? Well, that – I don't know. That may be. I got appellant's brief on Friday afternoon and haven't had a chance to look at the – It's a somewhat unusual situation in any event because they've tried as much as they could try. I agree. And the defendant is continuing to try because, as the Court may know, there's another 2255 petition pending at this time. Raising the same issue again? Your petitioner's lawyer doesn't seem to know about it, but go ahead. At any rate, Your Honor, I think to find that Blakely applies to the federal sentencing guidelines, that would result in the overruling of Edwards, Watts, Witt, Gunnigan, and a line of other cases. And as this Court has said in Pacheco-Zapata, it may be, it may very well be, and I'm not quoting Zapata right now, but it may very well be that the federal guidelines will fall. But it may very well be that they won't. And as this Court said in Pacheco-Zapata, speculation does not permit us to ignore controlling Supreme Court authority. The same thing – It's not worth, I think, a lot of time here discussing the merits, because in all likelihood this panel's not going to be a panel that decides the merits of the application of Blakely to the guidelines in this circuit. There are other panels with priority over the issue. What would help us to know is, is the issue squarely raised here such that when the whole matter is eventually straightened out, is this a case which then would be governed by whatever is ultimately decided? I mean, that's my, at least my view of where we're going here, that we're not going to ultimately decide the Blakely issue. I mean, do you agree with that? That just doesn't seem where we're going. I guess what we are interested in is whether there's anything that would clearly take this case outside of Blakely. You got anything to tell us that would – I mean, is there any reason why we don't have to wait for whatever develops with Blakely to decide this case? Well, other than plain, plain error review. And again, if Blakely does not affect the guidelines, there's no error and much less plain error. And previously this Court found that this defendant's substantial rights were not affected by sentencing him to 30 years, notwithstanding the fact that the drug quantity was not charged in the indictment and was not proved to the jury, because he has a concurrent sentence for the associated but not related firearms charge. So he's serving 10 years concurrent on the firearms charge with the 30-year sentence in this case. And, well, let's say if under Blakely the guidelines were found to be unconstitutional and the court were free, let's say the district court were free to sentence indeterminately, well, then, or even under the guidelines the court could still sentence this defendant by imposing a consecutive sentence under the statute or the guidelines to a term of 30 years. And so the defendant's substantial rights would not be – would not be affected in this case. Tell me exactly what sentences could be imposed if Apprendi does apply, exactly what would lead up to the total of 30 years. If Apprendi does apply? Let's assume Apprendi applies and Blakely applies. You're saying to us that still 30 years could be imposed by imposing consecutive sentences. So tell me exactly what those sentences would be and for what. Well, the firearm, if I understand the question, the firearms conviction did result in a 10-year sentence. The drug conviction resulted in a 30-year sentence, and they're being served concurrently at this time. I guess I'm saying that if, for some reason or other, the sentence in the drug case were found to be an error and sent back to the district court, then he could sentence the defendant to 20 years. And, again, I don't know if that would – depending on which error was found, whether or not that would be a 20-year sentence, he'd be eligible for a 20-year sentence at that point, but that would give, you know, 20 years plus the 10 would be 30 years again. Because the Court has already found that 30 years is the appropriate sentence. And I think that can be imposed under the statute or under the guidelines. So you're suggesting that it's possible that without waiting for a resolution of Blakely, we could send this back and say resentence on the assumption that Blakely applies and he'd come out in the same place. I think that's a possibility, Your Honor. And I have nothing more unless the Court has some questions. Thank you very much. Thank you. Your Honor, I'll keep it brief. First of all, on the Pinkerton, and I didn't have my reply brief up here when I was responding to that, the point I wanted to make was the act still has to be reasonably foreseeable. And I think when you have a conflict of testimony between one person doing something as awful as it sounds in the record in this case and another person restraining them from doing it, I'm not sure that that meets as a foreseeability standard. And there is evidence that my client restrained somebody from trying to harm this victim and the other. It wasn't reasonably foreseeable the first time. It certainly was by the second time. But let me ask you a question about how the former memorandum disposition, which found that on the quantity issue, there was no, the sentence could stand. Why wouldn't the same be true as to the enhancements, or would the same be true as to the enhancements? I guess I'm not. Former memorandum disposition did apply a printing to the amount issue, but said that there was no plain error because the sentence would, there were no impact on substantial rights. And I would assume the same standard would apply to the enhancements. I don't know why it would be different. The question is why wouldn't the same result follow? I don't think it would have followed after Blakely because I think the, I believe the reference the court is making in that footnote is the indication that the statutory maximum is a different concept at that time than the statutory maximum under Blakely. So we do have a difference. And I think it is correct that if this goes back, and my client is sentenced based on a jury verdict for the indictment of a detectable quantity, he would face only a 20-year maximum. It is true. I mean, I suppose a judge could run that, the firearms case, consecutive or concurrent or whatever. However, I still think my client has an opportunity and a right to address the judge and ask and request that that run concurrent and not consecutive. And if it does run consecutive or concurrent, I'm sorry, if it does run concurrent, then his rights are substantially prejudiced. So I think the indication at this point is that the judge would probably run it concurrent because that's exactly what the judge has done in the last hearing. Now, I don't know about this new 2255. I'll have to say I was appointed at the first 2255. So I'll just have to – I don't know anything about that or how that would bear on this case. Okay. Thank you very much. Thank you. We thank counsel. The case of United States v. Sanchez-Garcia is submitted.
judges: B. Fletcher, Hamilton, Berzon